UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RICHARD L. WHITEHEAD,

Plaintiff,

**COMPLAINT**

- against –

Civil Action No.

WETHERSFIELD FOUNDATION, INC.,
FORMERLY KNOWN AS
HOMELAND FOUNDATION, INCORPORATED

Defendants.
------------------------------------------------------------------------x

Plaintiff, RICHARD L. WHITEHEAD ("Plaintiff"), by and through undersigned counsel, brings this Complaint and in support thereof states the following:

JURY DEMAND

Plaintiff hereby demands trial by Jury of all issues in this preceding.

NATURE OF THE ACTION

1.      This is an action brought by Plaintiff for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

JURISDICTION AND VENUE

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this action arising under laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

3.      The Federal claims in this action are authorized and instituted pursuant to 29 U.S.C. § 216(b) (FLSA).

4.      This Court has supplemental jurisdiction over the New York State Labor Law claims raised by virtue of 28 U.S.C. §1367.

{00068623 1}

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) in that the Defendant resides in this judicial district and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

6.      Plaintiff is a former employee of Defendant and resides in New York State.

7.      Defendant Wethersfield Foundation, Inc., (hereinafter referred to as "Wethersfield") formerly known as Homeland Foundation, Incorporated is a New York State Not-for -Profit corporation operating a certain property in Amenia, New York (hereinafter referred to as "the Amenia property") containing a garden, museum and a farm as its principal business activities.

8.      Defendant Wethersfield maintains its principal place of business as 424 W. 34th Street, New York, New York 10001.

9.      In or about June 1938, Defendant Wethersfield was incorporated under the law of the State of New York under its former name of Homeland Foundation, Incorporated.

10.     On or about February 1, 2017, Homeland Foundation, Incorporated changed its name to Wethersfield Foundation, Inc. (Wethersfield and Homeland Foundation, Incorporated shall be jointly referred to as "Defendant").

## STATEMENT OF FACTS

11.     In or about 1987, Defendant hired Plaintiff to perform certain duties, including but not limited to, caretaker of the Amenia property.

12.     At all times relevant to this complaint, Defendant was an employer within the meaning of the FLSA.

{00068623 1}

13.     At all times relevant to this complaint, Defendant was an employer within the meaning of the NYLL.

14.     At all times relevant to this complaint, Defendant exercised control over all aspects of the day-to-day functions of the operations at the Amenia property by means including but not exclusive to; (i) exercising operational control over the enterprise, including actively managing, supervising and directing its business operations; (ii) maintaining the power to establish, and actually establishing, the terms of employment of Plaintiff; (iii) retaining the power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

15.     At all times relevant to this complaint, Defendant acted directly and indirectly as an employer in relation to its employees, including Plaintiff.

16.     At all times relevant, Defendant has employed Plaintiff and others in the handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce

17.     Plaintiff was employed by Defendant for approximately 30 years until his termination on or about June 2, 2017.

18.     Upon information and belief, the entirety of the Amenia property for which Plaintiff provided services was, approximately 1200 acres.

19.     During the course of his employment by Defendant, Plaintiff's job duties and responsibilities included, but were not limited to, caring for the cattle, landscaping and gardening, maintenance of equipment, care and maintenance of facilities, excavation of land, installation of septic systems, overseeing parking for special events, clearing of horse riding trails, repair to and maintenance of seven residences on the premises, and transportation of goods, including hay.

20.     Plaintiff's compensation included health insurance, housing and heating, and an annual gross salary of $36,000.00.

21.     Plaintiff's regularly scheduled workday customarily began at 7:30 a.m. and continued to 4:30 pm, with a one-hour unpaid lunch.

22.     Defendant would generally determine both the nature of Plaintiff's work for the day and the length of the workday.

23.     Plaintiff was frequently on-call for special events and emergency issues for one-week periods beyond his normal work hours.

24.     Based on performance of his customary duties, which included duties not related to farming operations, and his on-call responsibilities, Plaintiff regularly worked more than 40 hours in a work week.

25.     At no time during his employment by Defendant was Plaintiff away from his home, but rather, Plaintiff was at all times domiciled in the same location, returning at the end of each workday to his home and departing each workday from his home.

26.     Defendant failed to make, maintain or preserve proper payroll records with respect to documenting Plaintiff's labor as required by the FLSA and NYLL.

27.     Although Plaintiff was entitled to overtime, Defendant failed to compensate Plaintiff properly for any overtime.

28.     Throughout his employment, Plaintiff performed his duties in exemplary fashion and, up until the summer of 2017, experienced no problems, conflicts or disciplinary concerns.

29.     On or about May 2, 2017, Defendant advised Plaintiff that he was terminated from employment effective June 2, 2017.

{00068623 1}

30.     Upon termination, Defendant failed to pay Plaintiff accrued, unused vacation time of approximately six (6) weeks.

## FIRST CAUSE OF ACTION

Fair Labor Standards Act

31.     Plaintiff repeats and reiterates each allegation contained in the preceding paragraphs as if set forth herein.

32.     Defendant's failure to compensate Plaintiff for overtime hours worked each week violated the FLSA, 29 U.S.C. § 207.

33.     Defendant's failure to pay required overtime wages was willful and showed reckless disregard for the issue of whether Defendant's conduct was prohibited under the FLSA.

34.     Defendant's failure to comply with the FLSA caused Plaintiff to suffer damages including unpaid wages.

35.     The amount of damages for overtime compensation is unknown at this time and will be determined in the course of this litigation, as certain records of are within the exclusive custody and control of Defendant.

## SECOND CAUSE OF ACTION

New York Labor Law

36.     Plaintiff repeats and reiterates each allegation contained in the preceding paragraphs as if set forth herein.

37.     Defendant's failure to pay required overtime wages to Plaintiff was willful and constituted a violation of New York State Labor Law and the regulations thereunder.

{00068623 1}

38.     The amount of damages for overtime compensation is unknown at this time and will be determined in the course of this litigation, as certain records of are within the exclusive custody and control of Defendant.

## THIRD CAUSE OF ACTION
New York Labor Law

39.     Plaintiff repeats and reiterates each allegation contained in the preceding paragraphs as if set forth herein.

40.     Defendant's failure to furnish written notification on the conditions of Plaintiff's employment violated New York Labor Law §195.

41.     Plaintiff is entitled to recover damages pursuant to New York Labor Law §198.

## FOURTH CAUSE OF ACTION
New York Labor Law

42.     Plaintiff repeats and reiterates each allegation contained in the preceding paragraphs as if set forth herein.

43.     Defendant failed to pay Plaintiff his accrued, unused vacation time in violation of New York Labor Law §198(1-a).

44.     Upon information and belief, Defendant did not have a written forfeiture policy for accrued, unused vacation time.

45.     Plaintiff is entitled to recover damages pursuant to New York Labor Law §198.

{00068623 1}

46.     The amount of damages for accrued, unused vacation time is unknown at this time and will be determined in the course of this litigation, as certain records of are within the exclusive custody and control of Defendant.

WHEREFORE, Plaintiff requests that this Court enter an Order:

(i)     Granting judgment to Plaintiff for unpaid overtime compensation under the Fair Labor Standards Act and New York State Labor Law and awarding all available damages resulting therefrom, including actual, liquidated and compensatory damages;

(ii)    Awarding Plaintiff damages pursuant to New York Labor Law for violations of §§195 and 198(1-a).

(iii)   Awarding Plaintiff prejudgment and post-judgment interest as allowed by law;

(iv)    Awarding Plaintiff his costs and reasonable attorney's fees and costs; and

(v)     Granting such further relief as the Court finds just and proper.

Dated: December 1, 2017
       Poughkeepsie, NY

David R. Wise (DW3016)
Rebecca A. Valk (RV1766)
Mackey Butts & Wise, LLP
319 Mill Street
Poughkeepsie, NY 12601
Tel- (845) 452-4000
Fax- (845) 454-4966
dwise@mbwise.com
rvalk@mbwise.com

{00068623 1}