UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RICHARD L. WHITEHEAD,

                            Plaintiff,

- against –

WETHERSFIELD FOUNDATION, INC.,
FORMERLY KNOWN AS
HOMELAND FOUNDATION, INCORPORATED

                            Defendant.
-----------------------------------------------------------------x

**SETTLEMENT AGREEMENT**

17-CV-9400 (LMS)

      This Settlement Agreement (the "Agreement") is made by and between Richard Whitehead (hereinafter also referred to as the "Plaintiff") and Wethersfield Foundation, Inc., formerly known as Homeland Foundation, Incorporated (hereinafter referred to as the "Defendant") on their behalf and for the benefit of all of their parent(s), subsidiaries, divisions, affiliates and other related entities, and all of their incumbent and former officers, directors, owners, trustees, investors, agents, attorneys, employees, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities.

      **WHEREAS**, Plaintiff alleges he worked for the Defendant from April 1987 to April 13, 2017; and

      **WHEREAS**, on or about December 1, 2017, Plaintiff filed a Complaint in the United States District Court for the Southern District of New York, under Civil Action No.:17-9400 (the "Lawsuit"), alleging, among other things, that the Defendant violated the Fair Labor Standards Act and New York Labor Law by failing to pay overtime wages;

      **WHEREAS**, the Defendant denies all claims asserted in the Lawsuit, and a Court has not made any findings with respect to the merits of Plaintiff's claims;

      **WHEREAS**, the Defendant and Plaintiff (collectively, the "Parties") desire to resolve and settle this matter, as well as any and all issues relating to Plaintiff's employment and/or Plaintiff's separation from employment with the Defendant, in an amicable manner without the expense, burden and risk of continued litigation,

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

    1.    **Consideration.** (a) In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of all claims against the Defendant and the

Releasees as set forth below, the Defendant will provide Plaintiff with a payment in the gross amount of Fifty-Five Thousand Dollars ($55,000.00), less applicable withholdings.

(b) Plaintiff acknowledges and agrees that (i) the consideration set forth in this Paragraph 1 constitutes fair consideration for signing this Agreement and agreeing to the terms and conditions set forth herein; (ii) the consideration set forth in this Agreement constitutes full accord and satisfaction for all amounts due and owing to him, including, but not limited to, all wages, overtime, bonuses, paid time off or other payments which may have been due and owing to him; and (iii) his eligibility for, entitlement to, and accrual of, any payments or benefits from the Defendant, including, but not limited to, wages, overtime, bonuses, paid time off, and any insurance or fringe benefits, terminated on the last day of Plaintiff's employment with the Defendant. Except as set forth in this Paragraph 1, Plaintiff is not entitled to, and shall not receive, any other payments or benefits from the Defendant or the Releasees.

(c) The Defendant will deliver the payments described in Paragraph 1 to Plaintiff's Counsel, Mackey Butts & Wise, LLP, 319 Mill Street, Poughkeepsie, NY 12601 (or any other address provided by Plaintiff's counsel), within twenty (20) business days of the receipt by Corbally, Gartland & Rappleyea, LLP, as counsel for the Defendant, of the original Agreement which has been executed by Plaintiff and Plaintiff's counsel, and the Stipulation of Dismissal With Prejudice from Plaintiff's counsel. By its signature on this Agreement, Plaintiff's Counsel agrees that it will hold these payments in escrow and will not deposit or distribute to itself or its client any of the payments referenced in Paragraph 1 until the completion of all of the following events: (i) the Agreement is executed by all Parties; (ii) the Parties file the Stipulation of Dismissal With Prejudice; and (iii) the Court enters an agreed Order of Dismissal, dismissing the Lawsuit with prejudice; The Defendant's obligation to make the payments described in Paragraph 1 is conditioned upon the receipt of the above-referenced documents (hereinafter, "Effective Date").

2. **Order of Dismissal.** Court dismissal of this action is a material condition of this Agreement and the Parties obligations hereunder. Failure of the Court to enter an Order of Dismissal of the Lawsuit renders this Agreement null and void.

3. **Release.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of himself and his spouse, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably hereby relinquishes, discharges, waives, and releases the Defendant and their current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related entities, and their respective predecessors, successors, employee benefit plans, present and former directors, trustees, officers, partners, fiduciaries, employees, representatives, agents, insurers and attorneys, in their individual and representative capacities ("Releasees") from all claims and causes of action alleged in Plaintiff's Complaint dated and filed December 1, 2017, and all claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and any other claims related to any alleged unpaid or under paid wages or overtime, or other unpaid or under paid wages or compensation, and any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages and liquidated damages, for the period April 1, 1987 through and including the date of Plaintiff's execution of this Agreement.

{00112972 1}

4. **Claims Excluded from the Agreement.** This release does not affect or limit: (1) claims that may arise after the date Plaintiff signs this Agreement; (2) Plaintiff's rights to enforce the terms of this Agreement; or (3) any claim that this Agreement has been breached.

5. **Dismissal of the Litigation.**

(a) Plaintiff acknowledges and represents that, except for the Lawsuit, he is not presently aware of any legal proceedings pending between Plaintiff and/or his representatives and the Defendant or any of the other Releasees. Plaintiff agrees to dismiss, with prejudice, any and all claims against the Defendant and all of the other Releasees, including, but not limited to, any and all claims asserted, or which could have been asserted, in the Lawsuit. Such dismissal and waiver of claims includes his express waiver of his ability to act as a representative of any purported class.

(b) Plaintiff hereby authorizes his Counsel, concurrent with his execution of this Agreement, to execute the Stipulation of Dismissal With Prejudice (attached hereto as Exhibit A, which is incorporated to this Agreement by reference), and to take any and all steps necessary to effect the dismissal of the Lawsuit with prejudice as to his individual claims, and to waive, release and discharge with prejudice any and all rights, claims or causes of action Plaintiff may have in the Lawsuit. The Defendant's obligations under this Agreement are strictly conditioned upon the Court's dismissal of the Lawsuit with prejudice, including the FLSA and NYLL claims.

6. **Bona Fide Dispute; Denial of Wrongdoing.**

(a) This Agreement is in settlement of disputed claims. The Parties agree that there is a bona fide dispute as to whether Plaintiff could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraph 1, is a fair and reasonable resolution to this bona fide dispute.

(b) It is agreed and understood between the Parties that nothing contained in this Agreement, nor the fact that Plaintiff has been provided with any consideration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by the Defendant or any of the Releasees. The Defendant denies any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to his employment or the termination thereof, and asserts that it has, at all times relevant hereto, acted in good faith and in compliance with the law.

7. **Non-Disparagement.** Plaintiff agrees not to make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Defendant or any of the Releasees, whether by electronic, written or oral means, to any of Defendant's past, present or future clients, competitors, employees, or to any other person (including, but not limited to, the press or other media). Defendant agrees that no officer, director, or trustee shall make or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Plaintiff, whether by electronic, written or oral means, to any person. It shall not be a violation of this paragraph:

- for either Party to provide truthful testimony in any proceeding or before any administrative agency, tribunal, arbitration or court; or

- for Plaintiff to make truthful statements about his experience litigating this case.

8. **Employment References.** In the event Defendant is contacted for a reference by a prospective employer of Plaintiff, Defendant shall respond by providing solely Plaintiff's dates of employment, position held and, if authorized by Plaintiff in writing, Plaintiff's final rate of compensation.

9. **Choice of Law and Forum.** This Agreement shall in all respects be interpreted, enforced and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim or cause of action arising out of, or related to, this Agreement shall be commenced only in United States District Court in the Southern District of New York, and the Parties hereby submit to the exclusive jurisdiction and venue of this court and waive any claim of an inconvenient forum.

10. **Entire Agreement.** Plaintiff acknowledges and agrees that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that the Defendant has made no promises to him other than those contained in this Agreement.

11. **Severability.** The Parties agree that in the event any sentence(s) or provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such sentence(s) or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

12. **Modification.** This Agreement may not be changed, waived or supplemented unless such change, waiver or supplementation is in writing and signed by Plaintiff and an authorized representative of the Defendant.

13. **General Provisions.** The failure of any party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it. This Agreement may be signed in counterparts, and may be delivered by facsimile. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof.

14. **Review Period.** By signing this Agreement, Plaintiff acknowledges that:

(a) He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

(b) He has signed this Agreement freely and voluntarily and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce him to enter into this Agreement;

(d) He was advised, and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it;

(e) Plaintiff has a period of twenty-one (21) days after receiving this Agreement to review and consider this Agreement before signing it ("Review Period"). Plaintiff understands that he may use as much of this Review Period as he wishes prior to signing this Agreement and that, to the extent that Plaintiff decides to sign this Agreement prior to the expiration of the Review Period, such decision was knowing and voluntary on the Plaintiff's part; and

(f) Plaintiff may revoke this Agreement within seven (7) days after he signs it. The Agreement shall not become effective and enforceable until the seven (7) day period has expired for Plaintiff and no payments pursuant to Paragraph 1 above shall be made until such period has expired. If Plaintiff revokes this Agreement, he must send written notice of his decision to Corbally Gartland & Rappleyea, 35 Market Street, Poughkeepsie, NY 12601.

15. **Counterparts.** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

16. **Facsimile/Email**. A facsimile or email copy of this Agreement will have the same force and effect as the original.

**[This space intentionally left blank]**

BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ALSO ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signatures below.

**AGREED:**

{00112972 1}

WETHERSFIELD FOUNDATION, INC.

By: _____

Subscribed and sworn to before me
this 6 day of December, 2018

_____
Notary Public

PATRICIA A. GUNZEL
Notary Public, State of New York
No. 01GU6111001
Qualified in Westchester County
Commission Expires November 28, 20__

By: _____
Richard L. Whitehead

Subscribed and sworn to before me
this 7 day of December, 2018

_____
Notary Public

DAVID R. WISE
Notary Public, State of New York
No. 02WI4887308
Qualified in Dutchess County
Commission Expires March 24, 20 19